## STEVENS *v.* THOMPSON.

It is not a ground for rejecting the report of an auditor, that it contains a statement of facts, or of the evidence before him, or of his reasons for his conclusions, if it contains also a statement of the accounts between the parties.

The duty of an auditor is to state the account between the parties, and the statute has not made the report evidence to the jury beyond the statement of the account.

If such statements are included in the report, without the consent of the parties, it may be the foundation of a motion to recommit, with instruction to strike out the irrelevant matter. If neither party makes this motion, the objection that the report contains irrelevant matter must be regarded as waived, and the report may go to the jury as evidence of the state of the accounts.

A claim by one tenant in common against his cotenant, founded upon expenditures upon the property owned by the tenants in common, and resting upon an implied promise to contribute, arising out of the tenancy in common, cannot be given in evidence under the common counts. There should be a special declaration.

One tenant in common cannot charge his cotenant with a share of the expense of additions made to the buildings owned in common, without some agreement or assent by the latter.

Whether one tenant in common of a farm can compel his cotenant to contribute to the repairs of a barn upon it, without his assent, *quere.*

If he may do so, there must be notice, and an opportunity to the cotenant to unite in making the repairs, unless the circumstances are such as to excuse a want of notice.

If the defendant plead a discharge in bankruptcy, and the plaintiff reply fraud, and the defendant take issue upon the fraud, he cannot upon that issue offer evidence to show that the question, whether the discharge was obtained through fraud, has been tried in the district court, and found in his favor.

And if the plaintiff was not a party to the proceedings in the district court in which the fraud was brought in question, he would not be bound by them.

Upon a question whether a discharge in bankruptcy was obtained by fraud, the schedule filed by the bankrupt is evidence against him.

But the return of the assignee, of the property which came to his hands, is not evidence.

ASSUMPSIT, upon an account annexed to the writ. The

defendant pleaded, 1. The general issue, with a set-off. 2. A discharge in bankruptcy, dated February 7, 1844. To which the plaintiff replied fraud, with a specification of the fraudulent acts charged and relied on; and upon this issue was joined.

To substantiate his claim, the plaintiff, on a trial before the jury, offered a report of an auditor, finding a balance due to him. The auditor reported, among other matters, that "In May, 1833, the parties were tenants in common of a farm in Durham, the plaintiff owning one third, and the defendant two thirds. At this time an agreement was entered into that the plaintiff might move upon the place, paying, in lieu of rent, interest on the sum the defendant paid for the two thirds and the taxes; and that when the plaintiff left the place the defendant might have the plaintiff's one third, at the same rate he had paid for the two thirds. Under this agreement the plaintiff occupied two years. During this season previous to haying time, the barn on the place being in bad condition, was repaired by the parties working together: the plaintiff expending in labor and materials $64.43, and the defendant $54. The plaintiff claims an allowance for this sum which is embraced in the six first items of his account; and respecting these items there was no controversy between the parties."

It was also proved that the house at the time the plaintiff moved into it was in a ruinous condition, and needed repairs to make it comfortable, which repairs were reasonable, and made at the plaintiff's expense. The plaintiff also erected a porch, ten feet square, at the end of the house, but did not frame it into the old building, assigning as a reason to his workmen, that he might remove it. For repairs made on the house and building the new porch, which is still attached to the house, the plaintiff expended, including his own labor, $111.62; one half of which sum, at least, according to the testimony of the joiners, was expended for the porch.

Stevens *v.* Thompson.

During the time when these repairs were made, the defendant living in the neighborhood, was at the plaintiff's two or three times. He did not see the plaintiff, but told one of the joiners that he objected to the work being done, and that he would never pay for it, but it did not appear that he ever so told the plaintiff.

In May, 1835, the plaintiff left the farm, and conveyed his interest in it, with other property, to John Dow, of Epping, as his agent or trustee, at the same time apprising Dow of his agreement with the defendant, and directing him to carry it into effect. The defendant moved upon the farm about the time the plaintiff left it, in the spring of 1835, and improved the whole to July 28, 1837, when he purchased the plaintiff's part of Dow," &c.

The defendant afterwards sold the whole place for $1150 without reservation.

The report then proceeded to state the account between the parties.

To the admission of this report as evidence the defendant objected. 1. Because it was informal and illegal, in that the auditor reported the evidence instead of results only. 2. Because the facts reported did not entitle the plaintiff to recover in this form of action.

The defendant also objected to the admission of any evidence to prove fraud in procuring the discharge in bankruptcy, and contended that some of his creditors opposed his discharge upon the same objections and charges of fraud which were tried in the district court, and the question was then settled; and that the judgment there was final and conclusive. But the court ruled that as it did not appear that this plaintiff was a party to that case, the decision there did not conclude him from trying the same question here.

The plaintiff then offered the schedule filed by the defendant, with his petition for the benefit of the bankrupt law, to show what property he gave in, and what

debts he admitted to be owing by him. He also offered the return of the assignee, to prove what effects came into his hands, and the amount realized by the sale of them. To this evidence the defendant objected, but it was admitted by the court.

The jury returned a verdict for the plaintiff upon both issues, and the defendant moved to set it aside, and for a new trial, for the reasons arising upon the foregoing case.

*Christie*, for the defendant. The auditor's report was not admissible in evidence, because it contained what the witnesses said, and stated facts not admissible on an account annexed. There was not a sale and delivery of these articles to the plaintiff. At most they were but attached to the freehold owned by the parties. The court should have instructed the jury that it was a voluntary expenditure by the plaintiff, much of it of a nature that he might have removed.

As to the repairs, the plaintiff was in under an agreement at a fixed rent, and was not entitled to recover for expenditures during that time.

The plaintiff is not entitled to try the question of fraud in this suit. If that might be tried, the return of the assignee as evidence was inadmissible.

*Emery*, on the same side. A tenant in common cannot make repairs at the charge of his co-tenant without notice to repair, and refusal. 6 Cowen 475, *Mumford* v. *Brown ;* 12 Mass. 65, *Doane* v. *Badger ;* 4 Mass. 476, *Loring* v. *Bacon.*

*Stickney*, for the plaintiff. We do not understand that the auditor has stated the evidence.

It has been decided in Massachusetts that where the auditor states the facts the report is admissible. 5 Met. 373, *Jones* v. *Stevens.*

The facts stated are for the benefit of the defendant and not the plaintiff.

Whether the facts stated support the declaration, is merely a question of law, after the reception of the report.

The plaintiff's counsel did not ask the court to instruct the jury that the report did not sustain the action.

The report went to the jury rightly. The defendant took no exceptions to the charge, and the verdict is therefore conclusive.

The objection that a tenant in common is not liable for repairs, applies to but part of the case.

The plaintiff claims the whole of the repairs, on the ground of an agreement that the defendant should pay; and the existence of an agreement is fairly to be inferred from the report of the auditor. The auditor finds in favor of the plaintiff the whole of the repairs. If he had not found an agreement, the plaintiff could only have recovered the defendant's share. If there had been no agreement, the repairs were necessary, and made for the common benefit. Equity requires the defendant to pay his share. Where there are two sureties upon a note, if one pay, the other must contribute. 3 N. H. Rep. 9, *Chesley* v. *Thompson.*

A tenant in common is liable for a loss by negligence.

The rule in Louisiana is that joint owners must contribute to expenses. 4 Kent's Com. 370, note.

We are aware it is said in some of the authorities that there must be notice; but if the co-tenant see the thing done, or consents that the repairs be made, it is sufficient to charge him.

It is said that this is not the right form of action. The writ *de reparatione* has never been introduced here. But if this is not the right form, the court will not set aside the verdict. It is not necessary to have a special count. 7 Mass. Rep. 507, *Booden* v. *Ellis*. It is contended that the plaintiff should have declared specially on the agreement; but where a special agreement has been executed he may

declare generally.   1 Chit. on Pl. 334; 10 Mass. Rep. 287, *Felton* v. *Dickinson.*

The bankrupt law enacts that the certificate shall be a bar unless impeached.   It may be impeached for fraud, and the time to impeach it is when it is pleaded.   The plaintiff was no party to the proceedings in the district court.

Another objection is to the assignee's return.   We put this in as *primâ facie* evidence of what the bankrupt had surrendered.   The bankrupt law provides that the bankrupt shall surrender, &c.   The assignee is an officer of the court, under oath, and the law presumes that he will not violate his duty and his oath in making his return.

PARKER, C. J.   The objection to the admission of the report of the auditor was rightly overruled.   If the defendant wished to prevent the statement of facts in the report from being laid before the jury, he should have made a different motion.   The statute authorizes the appointment of auditors, to state the account between the parties, and provides that if either party is dissatisfied with the report, the case may be tried by jury, and the report given in evidence subject to be impeached.   Rev. Stat., ch. 189.

The duty of the auditor is to state the account, and the statute has not made the report evidence further than it has prescribed the duty.   It does not make a statement of the evidence before the auditor evidence to the jury; nor does it make the facts found by the auditor evidence, except so far as a statement of the account contains matter of fact.   Nor are the reasons upon which the auditor acted evidence to be weighed by the jury.   But the parties often desire that the auditor should report the facts, for the purpose of raising questions of law, and sometimes, when they do not desire it, the report comes in with a mixture of the evidence, facts, and reasons, upon which the auditor founds his conclusions.   If this has been done without the

Stevens *v.* Thompson.

assent of parties, it is not a reason for the rejection of the report, but may be the foundation of a motion to recommit, with instructions to strike out the irrelevant matter, and such motion, made by either party, is granted of course.

But if neither party see fit to make that motion, the report must go to the jury, notwithstanding it contains something beyond what the duty of the auditor required him to place there, and beyond what is, strictly speaking, evidence under the statute. Whether the report contain matter beyond what the statute has made evidence, is known to the parties before -the trial, and the exception must be taken in season, and in the proper mode, or it must be regarded as waived.

So far as the plaintiff's claim is founded on his expend-itures upon the property owned by the parties in common, there should have been a special declaration. If the defendant is liable to pay his proportion for the articles purchased and used in those repairs, they do not seem to have been merchandize sold and delivered to him, and do not appear to form the proper subject matter of an action upon an account annexed to the writ. And so of the work and labor performed. It does not appear to have been performed at the request of the defendant. The plaintiff's claim, if he have any, seems to rest upon an implied promise to contribute, arising out of the tenancy in common between the parties.

We are of opinion that one tenant in common cannot charge his co-tenant with the expense of additions made to the buildings upon the common property, without some agreement or assent on the part of the latter.

Whether a tenant in common of a farm can compel his co-tenant to contribute to the repairs of a house upon the premises, without any agreement respecting such repairs, we need not settle at this time.

The statutes of this State providing that necessary re-

pairs in any mill, mill-dam, or flume, owned by joint tenants or tenants in common, shall be made by such owners in proportion to their respective interest, contain no provision relative to the repair of houses. N. H. Laws (ed. 1830) 186; Rev. Stat., ch. 136.

But there are some authorities which hold, that at common law one tenant in common of a house may compel his co-tenant to repair. Thus it is said, "If two tenants in common, or join-tenants, be of an house or mill, and it fall in decay, and the one is willing to repair the same, and the other is not, he that is willing shall have a writ *de reparatione faciendâ;* and the writ saith, *ad reparationem et sustentationem ejusdem domus teneantur;* whereby it appeareth that owners are in that case bound *pro bono publico* to maintain houses and mills which are for habitation and use of men." Co. Litt., 200, b. See also to the same effect 11 Co. 82, *Lewis Bowles' Case;* Com. Dig., Estates, K, 8; 8 Barn. & Cres. 257 (15 C. L. R. 215), Opinion of *Littledale,* J. The same law is laid down 1 Fitz. Nat. Brev. 127, A.

In a note to this last work (9th ed.) the editor says, "This writ," *de reparatione faciendâ,* "is grounded on the custom of a place, not on the common law;" for which he cites 2 Ld. Raym. 1093. Perhaps, however, Ch. J. *Holt's* opinion did not extend to all cases where that writ was maintained.

Between tenants in common it seems that contribution could not be compelled except for repairs. "If there be three or four coparceners of lands, and the eldest sister do the suit to the lord of whom the lands are holden, for all the coparceners, and the others will not allow her their proportion for her charges and losses for the same suit, that coparcener who did the suit may have this writ in contribution," &c.

"And if there be many coparceners, and the eldest do the suit, and the other coparceners agree with the eldest for their proportion; now the writ of contribution shall

be brought against the others, who would not contribute, &c.; and if many be enfeoffed of land, for which one suit ought to be done, &c., now if they agree among themselves that one of them shall do the suit, and that the others shall contribute unto him, if he do the suit, and afterwards the others will not allow him for that suit, according to their proportion, then he shall have the writ of contribution against them, and the writ shall mention the agreement."

"But between the feoffees, he that did the suit shall not have the writ of contribution against his companions, without agreement thereof made betwixt them." 2 Fitz N. B. 162, C.

It seems that one owner of a separate part of a house cannot compel the owner of another part to contribute to repairs beneficial to both; as, where one owned a room on the lower floor of a dwelling-house, and the cellar under it, and another owned a chamber over the room, and the remainder of the house. The roof being out of repair, the latter made the necessary repairs, and it was held that the former was not liable to contribute. 4 Mass. Rep. 576, *Loring* v. *Bacon.*

But assuming that one tenant in common of a house, without any agreement may recover of his co-tenant a contribution for the necessary repairs, we are of opinion that he cannot do so except upon notice, and an opportunity to the other to unite in making the repairs, or unless the repairs are made under such circumstances as excuse a want of notice. See 6 Cowen's Rep. 475, *Mumford* v. *Brown.* The reason is too obvious to need elucidation.

In this case there does not appear to have been any previous request, and the auditor's report states nothing in the transactions subsequent to the time when the repairs were made, upon which to charge the defendant.

Upon the pleadings before us, the defendant cannot object and claim a new trial because the plaintiff was per-

mitted to give evidence to show fraud. The issue joined by the parties raises the precise question, whether the alleged fraud existed or not. If he desired to raise the question whether the proceedings in the district court were conclusive upon the plaintiff in that respect, he should have filed a different rejoinder. But the plaintiff is not estopped nor concluded by those proceedings to which he was not a party. The certificate may be impeached for fraud, and the act seems to contemplate that this may be done when it is pleaded.

Under this issue the schedule filed by the defendant himself was competent evidence, and might be very material.

But the return of the assignee of the property which came to his hands was not evidence. The defendant was not a party to that, and had no control of it. Whether true or false, he may not have had knowledge, nor was he responsible for its correctness.

*New trial granted.*